IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FARMERS INSURANCE GROUP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-566-WKW |
| ) | (WO) |
| PAMELA COX, ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

Plaintiff Farmers Insurance Group filed this action on June 26, 2006. (Doc. # 1, Compl.) On July 11, 2006, Defendant Pamela Cox was served with the summons and Complaint. (Doc. # 3.) However, Defendant failed to timely answer or defend in this action. As a result, on August 31, 2006, a default was entered against Defendant by the Clerk of the Court. (Doc. # 5.) On October 6, 2006, this case was reassigned to the undersigned. (Doc. # 7.) On October 13, 2006, Defendant filed an untimely Answer denying the allegations in the Complaint. (Doc. # 9.) Considering that Plaintiff has not moved for a default judgment under Federal Rule of Civil Procedure 55, Defendant is not represented by counsel, and Defendant has indicated an intent to defend herself in this lawsuit, it is hereby

ORDERED that on or before November 10, 2006, Defendant shall show good cause in writing as to why the entry of default should be set aside under Federal Rule of Civil Procedure 55(c).[1] Plaintiff may file a response on or before November 17, 2006.

---

[1] Federal Rule of Civil Procedure 55(c) allows a court to set aside a clerk's entry of default "for good cause shown." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is within the discretion of the court. *Robinson v. U.S.*, 734 F.2d 735, 739 (11th Cir. 1984).

DONE this 20th day of October, 2006.

          /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE