IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FARMERS INSURANCE GROUP, a/s/o CARL AND AUGUSTINE CHEATHAM,** )<br>)<br>)<br>)<br>Plaintiff,                             )<br>)<br>v.                                              )<br>)<br>**PAMELA COX,**                      )<br>)<br>Defendant.                            ) | CIVIL ACTION NO.:<br>2:06-CV-566 |

**PLAINTIFF FARMERS INSURANCE GROUP'S MOTION FOR
FINAL DEFAULT JUDGMENT AGAINST DEFENDANT PAMELA COX**

COMES NOW Plaintiff FARMERS INSURANCE GROUP, as subrogee of Carl and Augustine Cheatham ("Farmers"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 55, and respectfully submits this Motion for Final Default Judgment against Defendant PAMELA COX ("Defendant").

**I. RELIEF REQUESTED**

Farmers moves the Court for Final Default Judgment against Defendant in the amount of $119,700.00, plus attorneys' fees and costs in the amount of $2,448.22, for a total amount of $122,148.22.

**II. STATEMENT OF FACTS**

Farmers filed this action against Defendant on June 26, 2006, and on July 11, 2006, Defendant was properly served with a copy of the Summons and Complaint. Defendant failed to answer or otherwise defend the complaint in a timely fashion. Thus, on August 31, 2006, the Clerk

of Court entered an entry of default against Defendant. (Doc. 5). On October 13, 2006, Defendant filed an untimely answer denying the allegations in the complaint. (Doc. 9). On October 20, 2006, the Court entered an Order directing Defendant, on or before November 10, 2006, to show good cause in writing why the entry of default should be set aside. (Doc. 10). As of November 22, 2006, Defendant has failed to submit anything in response to the October 20 Order. Thus, Farmers respectfully requests that the Court enter a final default judgment against Defendant.

Farmers' Complaint alleges the following uncontested facts:

1.    On January 9, 2004, Defendant executed a Lease Agreement with Carl and Augustine Cheatham to occupy the house located at 434 East Vanderbilt Loop, Montgomery, Alabama 36109. *See* Complaint, Exh. A; Exhibit 1 to Affidavit of L. Jackson Young, Jr., attached hereto as Exhibit A.

2.    On June 27, 2004, five months after Defendant took possession of the house, a fire erupted in the house. Despite intervention by the fire department, the house sustained heavy damage. Subsequent to the fire, Farmers discovered that the fire was caused by a range that had been left in the "on" position.

3.    As a result of the fire, Carl and Augustine Cheatham, Farmers' insureds, sustained substantial damages for which Farmers, pursuant to the terms and conditions of its policy of insurance with the Cheathams, paid the Cheathams $119,700.00 in reimbursement for the damages described herein. *See* Policy and Declarations, a certified copy of which is attached to Young Aff. as Exhibit 2.

4.    By reason of the aforementioned payment and pursuant to the terms and conditions of its insurance policy, and by operation of law, Farmers is subrogated to Carl and Augustine

Cheatham's rights of recovery to the extent of the payment made. *See* Exh. 2 to Young Aff., p. 15, ¶ 8. Farmers is therefore entitled to have and recover from Defendant its damages resulting from Defendant's negligence.

### III. LEGAL AUTHORITY

Farmers makes this motion pursuant to Federal Rule of Civil Procedure 55. Upon default, the well-pleaded allegations of a Complaint are taken as true. *E.g.*, *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). As such, Defendant's liability is established by the Clerk's entry of default. *Id.* The only remaining issue, then, is the amount of Farmers' damages.

Rule 55 only requires a hearing on a motion for final default judgment "[i]f . . . necessary . . . to determine the amount of damages." No such hearing is necessary in this case. Farmers' Complaint sought the specific amount of damages–$119,700.00–which Farmers incurred in reimbursing its insureds, Carl and Augustine Cheatham, for the damages which Defendant caused to the Cheathams' rental property. *See* Complaint, ¶ 10. Additionally, the Lease Agreement between the Cheathams and Cox expressly provides for the recovery of attorneys' fees in this action. *See* Exh. 1 to Young Aff. The Lease Agreement states, "Lessee agrees to pay a reasonable attorney's fee and all costs if it becomes necessary for Lessor to employ an attorney to collect any of the rent agreed to be paid *or to enforce performance of any of the provisions of this lease*." Exh. 1 (emphasis added). The Lease also provides, "Lessee agrees . . . to permit no waste of the property, but, on the contrary to take good care of same; and upon termination of this lease, to surrender possession of same without notice, in as good condition as at the commencement of the term, or as they may be put in during the term, as reasonable use and wear thereof will permit." *Id.* The Lease

further provides, "Lessee agrees to take proper care of and protect said property from damage and shall be accountable for failure to do so." *Id.* Because of Defendant's tortious conduct, the Cheathams and Farmers were required to employ counsel to enforce these provisions of the Lease Agreement. Farmers, as subrogee of the Cheathams, is thus entitled to recover its reasonable attorneys' fees and all costs which it has incurred in the prosecution of this action against Defendant. *See Palmer v. Blue Cross/Blue Shield of Alabama*, 460 So. 2d 199, 200-01 (Ala. Civ. App. 1984). To date, Farmers has incurred $1,740.00 in attorneys' fees and $708.22 in costs in this action. Young Aff., ¶ 4.

Upon receipt of the Summons and Complaint, Defendant was placed on notice of the amount of Farmers' damages. Because Defendant did not timely answer Farmers' Complaint or claim for damages, and wholly failed to respond to the Court's Order to show cause, the Court may enter a default judgment against Defendant without conducting a hearing regarding Farmers' damages. *See U.S. v. DeFrantz*, 708 F.2d 310, 312 (7th Cir. 1982) (citing *Davis v. Fendler*, 650 F.2d 1154, 1162 (9th Cir. 1981)).

WHEREFORE, PREMISES CONSIDERED, Farmers respectfully requests that the Court enter a final default judgment in Farmers' favor and against Defendant in the amount of $119,700.00, plus attorneys' fees in the amount of $1,740.00, and costs in the amount of $708.22, for a total of $122,148.22.

        Respectfully submitted,

        /s/ L. Jackson Young, Jr.
        John W. Scott
        L. Jackson Young, Jr.

        Attorneys for Plaintiff
        Farmers Insurance Group, a/s/o
        Carl and Augustine Cheatham

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
Concord Center
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing upon Defendant Pamela Cox by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

        Ms. Pamela Cox
        5701 East Shirley Lane
        Apartment 1105
        Montgomery, Alabama 36117-1951

DONE this the 22nd day of November, 2006.

        /s/ L. Jackson Young, Jr.
        Of Counsel

38602.1